UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| EDWINA THERESA SELLERS,<br><br>     Plaintiff,<br><br>v.<br><br>DIRECT RECOVERY SERVICES, L.L.C.,<br><br>     Defendant. | CIVIL COMPLAINT<br><br>CASE NO.  2:18-cv-11955<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes EDWINA THERESA SELLERS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIRECT RECOVERY SERVICES, L.L.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 40 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Southfield, Michigan, which lies within the Eastern District of Michigan.

5. Defendant is debt collector that holds itself out as "a member of the collection and receivables management industry."[1] Defendant is a limited liability company organized under the laws of the state of Minnesota with its principal place of business located at 115 Waterfront Drive, Two Harbors, Minnesota.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately the January 2018, Plaintiff began receiving calls to her cellular phone, (248) XXX-8708, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8708. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant uses several different phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (218) 212-7636, (218) 212-7542, and (218) 212-7541.

---

[1] http://www.directrecoveryservices.com/about.html

2

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Upon answering phone calls from Defendant, Plaintiff experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

13. On other calls, Plaintiff would experience a pre-recorded message before speaking with a live representative, and also received several pre-recorded voicemails from Defendant.

14. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

15. When Plaintiff first began speaking with Defendant, Defendant asked for certain personal information (i.e., social security number) which Plaintiff felt uncomfortable providing to an unknown entity.

16. Given her discomfort with the situation, Plaintiff demanded that Defendant stop contacting her cellular phone.

17. Despite Plaintiff's demands, Defendant continued to place incessant calls to her cellular phone up until the filing of the instant action.

18. In addition to the phone calls to Plaintiff's cellular phone, Defendant has also placed phone calls to Plaintiff's work phone.

19. Defendant has, on several occasions, placed multiple phone calls to Plaintiff's cellular phone on the same day, even after being told to stop calling.

20. Plaintiff has received not less than 50 phone calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

4

30. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 50 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to her.

### b. Violations of FDCPA §1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant cease its contacts, Defendant continued to repeatedly contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant proceeded to contact Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA §1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 50 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 20 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, EDWINA THERESA SELLERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Furthermore, the pre-corded messages and voicemails Plaintiff experienced similarly demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

41. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that Defendant cease contacting her.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant willfully violated the TCPA. Armed with the knowledge that Plaintiff did not consent to receive calls to her cellular phone, Defendant continued its incessant and relentless campaign of collection calls.

WHEREFORE, Plaintiff, EDWINA THERESA SELLERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

46. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

47. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

    **a. Violations of M.C.L. § 339.915(f)(ii)**

48. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

49. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

    **b. Violations of M.C.L. § 339.915(n)**

50. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

51. Defendant violated the MOC when it continued to call Plaintiff's cellular phone at least 50 times after she notified it to stop calling. The repeated and continuous contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, including multiple phone calls per day, would naturally cause an individual to feel oppressed.

52. Further, Plaintiff told Defendant that its calls to her cellular phone were not welcome and were therefore inconvenient. Nevertheless, Defendant continued to place calls to her cellular phone. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c. Violations of M.C.L. § 339.915(q)

53. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

54. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Plaintiff demanded that Defendant stop calling, yet the calls continued. The fact that calls were allowed to continue after becoming aware that its calls were not welcome highlights Defendant's lack of procedural safeguards in place to prevent a violation by its employee(s). As such, Defendant has failed to implement procedures designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

WHEREFORE, Plaintiff, EDWINA THERESA SELLERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 20, 2018                                            Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis

Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com