# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| EDWINA THERESA SELLERS, <br><br>    Plaintiff, <br><br> v. <br><br> DIRECT RECOVERY SERVICES, L.L.C., <br><br>    Defendant. | Case No. 2:18-cv-11955-GAD-RSW <br><br> Honorable Judge Gershwin A. Drain <br><br> Magistrate Judge R. Steven Whalen |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DIRECT RECOVERY SERVICES, L.L.C. ON A SUM CERTAIN

NOW comes EDWINA THERESA SELLERS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against DIRECT RECOVERY SERVICES, L.LC. ("Defendant") and in support thereof, stating as follows:

### I.    FACTUAL BACKGROUND

1. On June 20, 2018, Plaintiff filed her Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Telephonic Consumer Protection Act ("TCPA"), and the Michigan Occupational Code ("MOC"). The basis of Plaintiff's Complaint is that Defendant violated the FDCPA,

the TCPA, and the MOC through its collection activities. Chiefly, Plaintiff alleges that Defendant engaged in impermissible collection activity against her through incessant collection calls to her both her cellular phone and work phone via an Automated Telephone Dialing System ("ATDS") after being told to stop.

2. On June 25, 2018, Tyler Rikkola, a certified process server, effectuated service on Defendant by serving one of its employees, Elle Gusman, with a copy of the filed Complaint and Summons.

3. On July 16, 2018, Defendant's time to file a responsive pleading elapsed.

4. On July 17, 2018, after Defendant's time to file a responsive pleading elapsed, Plaintiff caused to be filed a Motion for Entry of Default pursuant to FRCP 55(a). Attached to Plaintiff's Motion for Entry of Default was an affidavit signed by the undersigned counsel attesting that service had been properly made, that Defendant had failed to file a responsive pleading, and that Defendant was not a member of a protected class.

5. On July 17, 2018 D. Peruski, Deputy Clerk of this Honorable Court, entered a Clerk's Entry of Default against Defendant.

## II.   RELIEF REQUESTED

4. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment against Defendant on a Sum Certain, as outlined below, and in favor of Plaintiff.

## III.   BRIEF IN SUPPORT

5. As highlighted above, Defendant is aware of the instant proceedings and has willfully chosen not to formally enter the case despite proper service and additional notice.

6. Plaintiff seeks statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C) and 15 U.S.C § 1692k(a)(2)(A) as well as payment of her costs and reasonable attorney fees pursuant to 15 U.S.C § 1692k(a)(3) and  M.C.L. § 339.916(2).

## IV.   STATUTORY DAMAGES

11. Plaintiff seeks statutory damages of the maximum allowed under the FDCPA, $1,000.00, pursuant to 15 U.S.C. §1692k (a)(2)(A).

12. Based on Defendant's conduct, Plaintiff seeks statutory damages of at least $500.00 per phone call pursuant to 47 U.S.C. §§ 227(b)(3)(B) of the TCPA.  Plaintiff alleges she received *at least* 50 calls from Defendant after demanding that it stop calling. As such, Plaintiff is entitled to a minimum of $25,000.00 in statutory damages under the TCPA.

13. Defendant has clearly demonstrated a lack of respect for the legal process. It has had clear notice of this lawsuit. Rather than avail itself to the legal process, Defendant has willfully chosen not to participate and as such has waived its right to be given any benefit by this Court.

## V.  ATTORNEY FEES AND COSTS

15. Plaintiff seeks $ 4,066.29 in reasonable attorney fees and costs pursuant to M.C.L. § 339.916(2) and 15 U.S.C § 1692k(a)(3) . *See* attached Exhibit A is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit B is a true and correct copy of an affidavit endorsed by the undersigned.

WHEREFORE, Plaintiff, EDWINA THERESA SELLERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Entering a Default Judgment against DIRECT RECOVERY SERVICES, L.L.C and in favor of Plaintiff;

b. Awarding Plaintiff statutory damages of at least $25,000.00 pursuant to 47 U.S.C. §§ 227(b)(3)(B) against DIRECT RECOVERY SERVICES, L.L.C. and in favor of Plaintiff;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against DIRECT RECOVERY SERVICES, L.L.C and in favor of Plaintiff;

    d. Awarding Plaintiff $4,066.29 in costs and reasonable attorney fees pursuant to 15 U.S. C §1692k(a)(3) and M.C.L. § 339.916(2).

    e. Allowing judgement interest to be added; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 24, 2018                              Respectfully Submitted,

                                                        s/ Nathan C. Volheim
                                                        Nathan C. Volheim
                                                        Sulaiman Law Group, Ltd.
                                                        2500 South Highland Avenue
                                                        Suite 200
                                                        Lombard, IL 60148
                                                        (630) 575-8181 x 113(phone)
                                                        (630) 575-8181 (fax)
                                                        nvolheim@sulaimanlaw.com

## CERTIFICATE OF SERVICE

      The undersigned, one of the attorneys for Plaintiff, certifies that on July 24, 2018, he caused a copy of the foregoing PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DIRECT RECOVERY SERVICES, LLC, to be served by U.S Certified Mail, postage prepaid, fax, and electronic mail to:

Direct Recovery Services, L.L.C
115 Waterfront Drive
Two Harbors, Minnesota 55616
info@directrecovery.org
Fax: (718) 873-9319

Direct Recovery Services, L.L.C
629 7th Avenue
Two Harbors, Minnesota 55616

Direct Recovery Services, L.L.C
PO Box 14
Two Harbors, Minnesota 55616

                                                  s/ Nathan C. Volheim
                                                  Nathan C. Volheim, Esq.