UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWINA THERESA SELLERS,

    Plaintiff,

v.

DIRECT RECOVERY SERVICES, LLC,

    Defendant.

_____/

Case No. 18-cv-11955

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#10]

### I. INTRODUCTION

Plaintiff Edwina Sellers brings this action for default judgment against Defendant Direct Recovery Services, LLC, a debt collector. Plaintiff requests damages pursuant to the Fair Debt Collection Protection Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the Michigan Occupational Code ("MOC") for Defendant's conduct in placing excessive phone calls to her cellular and work phones in order to collect a debt.

Presently before the Court is Plaintiff's Motion for Default Judgment. Dkt. No. 10. Plaintiff requests this court enter default judgment against Defendant, award her statutory damages of at least $26,000.00, award her $4,066.29 in

attorney fees and costs, and allow judgment interest to be added, for a total damages award of $30,066.29. For the reasons discussed below, this Court will GRANT Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff is a resident of Southfield, Michigan. Dkt. No. 1, pg. 2 (Pg. ID 2). Defendant is a debt collector. *Id.* In January 2018, Defendant began to call Plaintiff's cell phone in order to collect a debt. *Id.* Sometimes Plaintiff would speak with a live representative, sometimes Plaintiff would hear a pre-recorded message before being connected to a live representative, and sometimes Plaintiff would receive pre-recorded voicemails from Defendant. *Id.* at pg. 3 (Pg. ID 3). Plaintiff demanded that Defendant stop contacting her cell phone. *Id.* Defendant continued to call Plaintiff's cell phone up until Plaintiff filed her complaint against Defendant. *Id.* Defendant also began calling Plaintiff's work phone. *Id.* Defendant has placed at least 50 phone calls to Plaintiff since Plaintiff requested that Defendant stop calling her. *Id.*

On June 20, 2018, Plaintiff filed her complaint against Defendant. Dkt. No. 1. Plaintiff's complaint brought three counts of liability under the Fair Debt Collection Protection Act, the Telephone Consumer Protection Act, and the Michigan Occupational Code. *Id.* Defendant failed to file an answer pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). On July 17, 2018, Plaintiff filed a request for the

clerk's entry of default. Dkt. No. 7. The clerk entered a default that same day. Dkt. No. 9. On July 24, 2018, Plaintiff filed the present Motion for Default Judgment. Dkt. No. 10. Defendant has not filed a response to the Motion.

### III. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entry of judgment by default. Rule 55 states:

> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for the amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>   (A) conduct an accounting;
>   (B) determine the amount of damages;

      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

FED. R. CIV. P. 55. Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *See Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983). Thus, the plaintiff is required to provide proof of all damages sought in the complaint. *See John E. Green Plumbing and Heating Co., Inc. v. Turner Constr. Co.*, 742 F.2d 965, 968 (6th Cir. 1984) ("We recognize that the law 'does not require impossibilities' when it comes to proof of damages, but it does require whatever 'degree of certainty tha[t] the nature of the case admits.'").

## IV. DISCUSSION

### 1. Fair Debt Collection Practices Act

Plaintiff asserts that Defendant violated the Fair Debt Collection Practices Act. The FDCPA prohibits a debt collector from engaging in conduct with "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" is a violation of the FDCPA. *Id.* at § 1692d (5). Here, Defendant violated the FDCPA by repeatedly calling Plaintiff even after she requested the phone calls to stop.

Plaintiff also asserts that Defendant violated sections 1692e and 1692f of the FDCPA. Pursuant to § 1692e, a debt collector is prohibited from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff argues that Defendant continued to contact Plaintiff after she asked it to stop in a deceptive attempt to force her to answer the calls and make a payment. Dkt. No. 1, pg. 5 (Pg. ID 5). Plaintiff does not elaborate further on what deception Defendant used. This Court is not persuaded that Defendant used false, deceptive, or misleading representation in an attempt to collect Plaintiff's debt. Without further information and evidence from Plaintiff, this Court finds that Defendant is not liable for violating § 1692e.

A debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt" under § 1692f. 15 U.S.C. § 1692f. Defendant violated § 1692f by continuously calling Plaintiff—at least 50 times—after she requested the phone calls to stop.

Thus, this Court finds that Defendant violated § 1692d (5) and § 1692f of the FDCPA. Plaintiff requests this Court award her statutory damages in the amount of $1,000.00—the maximum amount allowed under § 1692k(a)(2)(A) of the FDCPA. Dkt. No. 1, pg. 6 (Pg. ID 6). Accordingly, this Court will award Plaintiff statutory damages in the amount of $1,000.00 for Defendant's violation of the FDCPA.

## 2. Telephone Consumer Protection Act

The Telephone Consumer Protection Act prohibits using an automated telephone dialing system ("ATDS") to call a person's cell phone without her consent. 47 U.S.C. § 227(b)(1)(iii). In this case, Plaintiff alleges that Defendant used an ATDS to call her cell phone not less than fifty times after Plaintiff requested that the calls from Defendant stop. Dkt. No. 1, pg. 3 (Pg. ID 3). Plaintiff would sometimes speak to a live representative, would sometimes hear a recorded message before being connected to a live representative, and would also receive pre-recorded voicemails from Defendant. *Id.* Plaintiff did not consent to these phone calls. *Id.* Based on Plaintiff's testimony,[1] this Court finds that Defendant violated the TCPA.

The TCPA allows damages in the amount of $500.00 for each violation of the TCPA. 47 U.S.C. § 227(b)(3)(B). Plaintiff alleges that Defendant called her not less than fifty times in violation of the TCPA. Therefore, this Court will award Plaintiff $25,000.00 for Defendant's TCPA violations.

---

[1] This Court held a hearing on September 28, 2018 where Plaintiff testified that Defendant called her not less than 50 times on her cellular and work phones after she requested Defendant to stop calling her.

### 3. Michigan Occupational Code

Plaintiff asserts that Defendant violated the Michigan Occupational Code. The MOC regulates collection agencies. Under the MOC, a collection agency may not misrepresent the legal rights of a creditor or debtor. M.C.L. § 339.915(f)(ii). In this case, Defendant was not legally authorized to call Plaintiff's cell phone using an ATDS without Plaintiff's consent. By calling Plaintiff, Defendant was misrepresenting that it was legally authorized to do so. Therefore, Defendant is liable under the MOC. The MOC also prohibits collection agencies from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly . . . ." *Id.* at § 339.915(n). Here, Defendant used the telephone to repeatedly call Plaintiff. Therefore, Defendant is also liable under § 339.915(n) of the MOC.

Plaintiff additionally asserts that Defendant violated § 339.915(q) of the MOC. Dkt. No. 1, pg. 9 (Pg. ID 9). This section of the MOC imposes liability for failure "to implement a procedure designed to prevent a violation by an employee." M.C.L. § 339.915(q). Plaintiff contends that Defendant violated this section by failing to have procedures in place that could prevent a violation of the MOC. Dkt. No. 1, pg. 9 (Pg. ID 9). However, Plaintiff does not provide enough support for this contention. The Court is unsure whether Defendant had procedures in place that

could have prevented a violation of the MOC. Therefore, this Court finds that Defendant did not violate M.C.L. § 339.915(q).

This Court finds that Defendant violated M.C.L. § 339.915(f)(ii) and § 339.915(n). Plaintiff is entitled to attorney fees for Defendant's violation.[2]

**4. Attorney Fees**

This Court has found that Defendant violated the FDCPA and the MOC. The FDCPA awards costs and reasonable attorney fees to a prevailing Plaintiff. 15 U.S.C. § 1692k(a)(3). The MOC also awards reasonable attorney fees and court costs. M.C.L. § 339.916(2). Plaintiff submitted a chart listing her attorney fees as $3,531.25 and costs as $535.04, for a total of $4,066.29. Dkt. No. 9-2, pg. 3 (Pg. ID 33). This Court finds that Plaintiff's attorney fees are reasonable and will award Plaintiff $4,066.29 in attorney fees and costs.

### V. CONCLUSION

For the reasons discussed herein, this Court will GRANT Plaintiff's Motion. This Court finds that Defendant violated the TCPA and will award Plaintiff $25,000.00 in damages. This Court finds that Defendant is liable for violations of the FDCPA and will award Plaintiff $1,000.00 for violations of the FDCPA.

---

[2] Plaintiff's Motion does not request statutory damages for Defendant's violation of the MOC.

Defendant is also liable under the MOC. Lastly, this Court will award Plaintiff $4,066.29 in attorney fees and costs. Accordingly, this Court will award Plaintiff damages totaling $30,066.29 plus post judgment interest.

    SO ORDERED.

Dated:    October 2, 2018

<u>s/Gershwin A. Drain</u>
HON. GERSHWIN A. DRAIN
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 2, 2018, by electronic and/or ordinary mail.

<u>s/Teresa McGovern</u>
Case Manager Generalist